UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDISON JHON ALBA-CRUZ | CIVIL ACTION |
| VERSUS | NO. 17-62-JWD-EWD |
| SHERIFF JASON ARD, as the public entity responsible for Livingston Parish Prison; and SHERIFF TONEY EDWARDS, as the public entity responsible for Catahoula Correctional Center | |

**RULING AND ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT SHERIFF JASON ARD**

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses of Defendant Sheriff Jason Ard.[1] The Motion to Strike is opposed.[2] For the reasons that follow, Plaintiff's Motion to Strike Affirmative Defenses of Defendant Sheriff Jason Ard is DENIED.[3]

**I.     Background**

The Complaint in this matter alleges that Plaintiff is a "profoundly deaf" individual[4] who requires "auxillary aids and services to communicate effectively regarding legal matters."[5] It is alleged that during the process of Plaintiff's arrest, incarceration and release Plaintiff was not provided with adequate means of communication at Livingston Parish Prison, Tangipahoa Parish Prison, or Catahoula Correctional Center, and that Defendants thereby discriminated against

---

[1] R. Doc. 14.
[2] R. Doc. 18.
[3] Because the Motion to Strike is denied, the undersigned considers the motion to be nondispositive and therefore enters this Ruling. *Compare, Hamden v. Tiger Brothers Food Mart, Inc*., Civil Action 15-412, United States District Court, Middle District of Louisiana, R. Doc. 16 (December 3, 2016 Report and Recommendation, n. 1) ("Because granting the plaintiff's Motion to Strike Answer would effectively be dispositive of the defenses asserted in the Defendant's Answer and Defenses … a report and recommendation is required.").
[4] R. Doc. 1, ¶9.
[5] *Id*., ¶10.

Plaintiff in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12102(2) (the "ADA") and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (the "RA").

Defendant, Sheriff Ard, filed an Answer and Jury Demand on March 22, 2017 asserting various defenses, including the three defenses that are at issue here:

> **NINTH DEFENSE**
> The plaintiff, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence which bars or reduces his recovery herein.
>
> **TENTH DEFENSE**
> Defendant, Sheriff Ard, pleads the fault of third persons for whom he is not responsible, in bar or reduction of plaintiff's recovery against him.
>
> **ELEVENTH DEFENSE**
> Plaintiff failed to avail himself of any administrative procedures available to him and thus failed to exhaust his administrative remedies prior to the institution of these proceedings and, therefore, his Complaint fails to state a cause of action against defendant, Sheriff Ard.[6]

In the Motion to Strike, Plaintiff alleges that, with regard to Sheriff Ard's Ninth Defense, comparative fault/contributory negligence is not a defense to claims under the ADA. With regard to the Tenth Defense, Plaintiff alleges that Sheriff Ard has not provided authority for the proposition that acts of third parties can provide a defense to a public entity's liability under the ADA. Finally, with regard to the Eleventh Defense, Plaintiff argues that there is no exhaustion requirement for claims under the ADA or RA. Plaintiff alleges all three defenses prejudice him by requiring him to engage in discovery on meritless legal theories.

Sheriff Ard responds that a compensatory damages claim under the ADA and RA is analogous to a personal injury tort claim such that traditional tort defenses (like those alleged in Sheriff Ard's Ninth and Tenth Defenses) are appropriate. Further, with regard to the Ninth and

---

[6] R. Doc. 11, pp. 2-3.

Tenth Defenses, Sheriff Ard argues that the Western District of Louisiana's opinion in *Bledsoe v. City of Shreveport*, No. CV 15-2484, 2016 WL 8710974 (W.D. La. June 24, 2016), is instructive. In *Bledsoe*, Plaintiff's arguments, seeking to strike defenses to ADA and RA claims similar to Sheriff Ard's Ninth and Tenth Defenses here, were rejected. Finally, with regard to the defense of failure to exhaust administrative remedies, while Sheriff Ard concedes there is no requirement of exhaustion under the ADA or the RA, he argues that other federal statutes require exhaustion of administrative remedies before an ADA or RA claim can be asserted in some instances.

## II. Law and Analysis

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike a defense are generally disfavored and are infrequently granted.[7] The decision to strike a pleading is within the discretion of the court.[8] A motion to strike defenses should not be granted unless the moving party demonstrates that denial of the motion would be prejudicial to the moving party.[9] Finally, the court must deny a motion to strike if there is a question of law or fact regarding a particular defense.[10]

Here, Plaintiff has not met his heavy burden of establishing that striking Sheriff Ard's three defenses at issue is appropriate. With regard to the Eighth and Ninth Defenses which assert

---

[7] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.").
[8] Fed. R. Civ. P. 12(f); *NCO Fin. Sys., Inc. v. Harper-Horsley*, Civ. Action No. 07-4247, 2008 WL 2277843, at *2 (E.D. La. May 29, 2008) (*citing Niblo*, 821 F. Supp. at 449 (N.D. Tex. 1993)).
[9] *See Global ADR, Inc. v. City of Hammond*, No. Civ. A. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003).
[10] *Solis v. Bruister*, Civ. Action No. 4:10cv77-DPJ-FKB, 2012 WL 776028, at * 7 (S.D. Miss. Mar. 8, 2012) ("Even when addressing a pure question of legal sufficiency, court are 'very reluctant' to determine such issues on a motion to strike, preferring to determine them 'only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial'") (*citing Veranda Assocs., LP v. Hooper*, No. H-11-4206, 2012 WL 602143, at 3 (S.D. Tex. Feb. 23, 2012) (*quoting* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004))).

comparative and third-party fault, respectively, *Bledsoe* is instructive. There, the plaintiff was making claims under the ADA and RA related to the City of Shreveport's failure to adequately maintain sidewalks. The plaintiff in *Bledsoe* sought to strike the following defense: "Defendant raises the affirmative defenses of failure to mitigate damages, comparative fault, and third party fault, in the event that these are shown to apply." In refusing to strike this defense, the Court stated that it was "not persuaded that Defendant's eighth defense is not potentially relevant to at least some of Plaintiff's claims. Additionally, Plaintiff has not demonstrated any significant prejudice created by the continued presence of this defense."[11]

Further, Plaintiff here alleges that he suffered loss of freedom of movement, invasion of his civil rights, and emotional distress due to the actions of Sheriff Ard and Sheriff Toney Edwards.[12] Thus, with regard to Sheriff Ard's Tenth Defense, the fact Plaintiff is seeking such damages generally, coupled with the fact there are two defendants here both of whom are alleged to have contributed to such damages, militates against striking the defense of third-party fault.

Plaintiff's Motion to Strike is likewise denied with regard to Sheriff Ard's Eleventh Affirmative Defense (failure to exhaust administrative remedies). Though both parties acknowledge that there is no exhaustion requirement contained in the ADA or RA, Sheriff Ard's argument that certain other federal statutes, including the Prison Litigation Reform Act ("PLRA"), require exhaustion of remedies before claims under the ADA or RA can be maintained, is correct.[13] Although it is not clear whether the PLRA is implicated in this case (and Plaintiff did not seek leave to file a reply memorandum to address this issue), such a question seems to be at the heart

---

[11] *Bledsoe*, 2016 WL 8710974, at *3.
[12] R. Doc. 1, ¶1.
[13] *See, e.g., Nottingham v. Richardson*, 499 Fed.Appx. 368, 373 (5th Cir. 2012) ("Under the PLRA, '[n]o action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.' 42 U.S.C. § 1997e. This includes actions under § 1983 and the ADA.").

4

of the reason courts generally disfavor a motion to strike as a procedural vehicle for deciding even questions of legal sufficiency at this early stage of the proceedings, preferring instead to resolve such issues on the merits after at least some discovery has been conducted.[14]

Finally, the Motion to Strike must be denied because Plaintiff has failed to make a showing as to how he will be significantly prejudiced if Sheriff Ard is allowed to maintain the three defenses. Sheriff Ard raised seventeen (17) defenses in his Answer and Jury Demand. Sheriff Edwards raised fifteen (15) defenses in his Answer. While Plaintiff argues that he will be prejudiced if he is forced to conduct discovery with regard to the three defenses asserted by Sheriff Ard that Plaintiff claims have no merit, Sheriff Edwards also raises substantially the same defenses that are at issue in the Motion to Strike.[15] Despite this fact, Plaintiff has only sought to have those defenses stricken from Sheriff Ard's Answer. It is not clear how Plaintiff can maintain a claim of prejudice for having to conduct discovery on legal theories he claims were inappropriately asserted by Sheriff Ard when Plaintiff will presumably conduct that discovery anyway with regard to the same defenses asserted by Sheriff Edwards.

---

[14] *See, Solis, infra* at n. 10.
[15] R. Doc. 13.

> **Seventh Defense**
> That petitioner by virtue of his own actions and conduct was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.
>
> **Eighth Defense**
> In the alternative, defendant avers that plaintiff's damages, if any, were caused or contributed to by other persons or parties over whom this defendant exercises no authority jurisdiction or control and for whose actions he is not legally responsible.
>
> **Fifteenth Defense**
> Petitioner has failed to exhaust available grievance procedures as required by 42 U.S.C. § 1997e(a), and his Complaint should be dismissed in its entirety.

### III. Conclusion

The Plaintiff has not met his burden of establishing either the legal insufficiency of the Eighth, Ninth and Tenth Defenses asserted by Sheriff Ard in his Answer and Jury Demand, nor has Plaintiff shown that a failure to strike these defenses will result in any prejudice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses of Defendant Sheriff Jason Ard[16] is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 31, 2017.

 

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 14.